IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARCH INSURANCE COMPANY<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | Civil Action No. 1:20-cv-00048 |
| | § | |
| MARINE MILITARY ACADEMY,<br>and N.M. b/n/f SHERRY MCCARTHY<br>Defendants. | §<br>§<br>§<br>§ | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Arch Insurance Company ("Arch") and files this, its Original Complaint for Declaratory Relief against Defendants Marine Military Academy and N.M. b/n/f Sherry McCarthy and respectfully shows the Court as follows:

## I.
## PARTIES

1. Arch Insurance Company is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in the State of New Jersey. At all relevant times, Arch Insurance Company was authorized to do business in the State of Texas.

2. The Marine Military Academy ("MMA") is a private college preparatory academy organized under the laws of the State of Texas. MMA may be served by and through its Superintendent, Colonel R. Glenn Hill at the Texas State Marine Academy at 320 Iwo Jima Boulevard, Harlingen, Texas 78550. Citation is requested for this defendant.

3. N.M. is a minor resident of San Antonio, Texas. He may be served through his next best friend and mother, Sherry McCarthy at their residence located at 14007 Tahoe Vista, San Antonio, Texas 78253. Citation is requested for this defendant.

## II.
## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this lawsuit pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

5. In addition, this court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

6. Venue is proper in this Court under 28 U.S.C. §1391(a)(2) because a substantial part of the events giving rise to this claim occurred within this District and within this Division.

7. Venue is also appropriate in this Court under 28 U.S.C. §1391(a)(3) because Defendant MMA has, at all material times, conducted business in the State of Texas.

## III.
## FACTUAL BACKGROUND OF UNDERLYING LAWSUIT

8. This action arises out of a present controversy between Arch and the Defendants regarding the duties of Arch to defend and indemnify MMA in a lawsuit pending before this Court. The lawsuit is styled as Civil Action No. 1:19-cv-00214; *N.M. n/b/f Sherry McCarthy v. Marine Military Academy*; In the United States District Court for the Southern District of Texas, Brownsville Division ("the Underlying Litigation").

9. In the Underlying Litigation, Defendant N.M. generally alleges that he suffered harassment and abuse while a student at MMA. N.M. has sued MMA for its general negligence in allowing such actions to occur, as well as its allegedly improper response to such allegations. A copy of N.M.'s First Amended Complaint is attached as Exhibit A.

## IV.
## THE 2016 ARCH POLICY

10. Arch issued two insurance policies to MMA. The first, Policy No. NCPKG0168705, had effective dates of June 1, 2016 to June 1, 2017 ("the 2016 Policy"). The 2016 Policy provided several coverage grants, including commercial general liability, professional liability, and a Sexual Abuse and Molestation Endorsement ("SPAM Endorsement"). Each of these coverages provided a single occurrence limit of $1 million and an aggregate of $3 million. Arch also issued Policy No. NCPKG0168708 to MMA with effective dates of June 1, 2019 to June 1, 2020 ("the 2019 Policy"). The 2019 Policy provided virtually identical coverage grants and limits as the 2016 Policy. Copies of the respective Arch policies are attached as Exhibits B and C.

11. The 2016 Policy contains certain terms and conditions that preclude any duty of defense or indemnity to MMA, including, but not limited to, the following:

> a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury"[1] or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have not duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.
>
> \*   \*   \*
>
> b.   This insurance applies to "bodily injury" and "property damage" only if:
>
> > (1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
> >
> > (2)   The "bodily injury" or "property damage" occurs during the policy period

---

[1] The Social Service Premier General Liability Enhancement Endorsement defines "bodily injury" as "[b]odily injury, sickness, or disease sustained by a person, and includes mental anguish resulting from any of these.

3

12. The allegations asserted against MMA in the Underlying Litigation do not allege that its actions caused "property damage." There is also a question of whether the factual allegations have alleged that N.M. suffered "bodily injury" caused by an "occurrence."

13. The 2016 Policy also contains a Texas Abuse or Molestation Exclusion that provides further support for its contentions. It provides:

TEXAS ABUSE OR MOLESTATION EXCLUSION

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

1. The actual or threatened abuse or molestation by anyone or any person while in the care, custody or control of any insured; or

2. The negligent:

    a. Employment;
    b. Investigation;
    c. Supervision;
    d. Reporting to the proper authorities, or failure to do so; or
    e. Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph 1. above.

14. N.M.'s First Amended Complaint alleges that the incidents causing his injuries were related, at least in part, to sexual threats or abuse. As such, Arch contends that this exclusion applies.

15. The 2016 Policy also provides Professional Liability coverage, but only if the claim is made during the applicable reporting period. MMA did not report a claim under this coverage during the applicable reporting period. As such, this coverage would not apply.

16. The 2016 Policy also contains a Sexual or Physical Abuse Liability Endorsement ("SPAM") that provides, in relevant part:

4

SEXUAL OR PHYSICAL ABUSE LIABILITY ENDORSEMENT

1. Insuring Agreement

   a. We will pay those sums that the insured becomes legally obligated to pay as "damages" because of "bodily injury" or "personal injury" to which this insurance applies arising out of "sexual or physical abuse."

   \*   \*   \*

   c. The "sexual or physical abuse" incident must take place on or after the retroactive date of this endorsement, but before the end of the policy period and within the coverage territory. The claim must be made and reported to us or our authorized representative in writing during the policy period or any applicable extended reporting period. This endorsement does not apply to a "sexual or physical abuse" incident which on the effective date of the endorsement you knew, or could have reasonably foresee would be the basis for the claim.

   \*   \*   \*

2. Exclusions

   e. Any claim for damages including claims for "employer negligence" which arise out of, result from, involve or in any way relate to acts or omissions of you or any of your officer(s), director(s), "employee", "volunteer worker", student in training or "contract worker" which take place subsequent to you or your officer(s) or director(s) acquiring knowledge of such "sexual or physical abuse" attempted or committed by any other officer, director, "employee", "volunteer worker", student in training or "contract worker" of an insured.

17. The claim was not reported during the 2016 Policy Period, as such, the SPAM Endorsement does not apply.

18. Nevertheless, Arch has agreed to defend MMA under the 2016 Policy pursuant to a reservation of rights, but seeks a ruling that it be allowed to withdraw from that defense and that any future to indemnify MMA is precluded by its policies' terms.

5

## V.
## **THE 2019 ARCH POLICY**

19.     The 2019 Policy also contains terms and conditions that preclude any duty of defense or indemnity on its part, including but not limited to the following:

Commercial General Liability Coverage Form

SECTION I – COVERAGES

COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.    Insuring Agreement

    b.    This insurance applies to "bodily injury" and "property damage" only if:

        (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2)    The "bodily injury" or "property damage" occurs during the policy period

Professional Liability Coverage Form

SECTION I – COVERAGES

Coverage A – Professional Liability

1.    Insuring Agreement

\*     \*     \*

    b.    This insurance applies to "damage" because of a "professional incident" in the course of performing "educational services" for your insured organization only if:

        (1)    The "professional incident" takes place in the "coverage territory"; and

        (2)    The "professional incident" did not occur before the Retroactive Date, if any, shown in the Schedule of this Coverage Form or after the end of the policy period; and

       (3)    A claim for "damages" because of the "professional incident" is first made against any insured, in accordance with paragraph c. below, during the policy period or any Extended reporting Period we provide under Section V – Extended Reporting Period.

                Sexual or Physical Assault Liability Endorsement

1.    Insuring Agreement

                       \*      \*      \*

       b.    As to each claimant, multiple acts of "sexual or physical abuse" by the same person(s), as well as any breach of duty allowing or contributing to such act(s), shall collectively be deemed to be one event. The date of the event shall be deemed to be the date of the first act of "sexual or physical abuse." If the date of the event precedes the effective date of this endorsement then any liability in regard to such claimant(s) arising from such an event is not covered hereunder.

20.    The dates of the incidents alleged in N.M.'s First Amended Complaint do not assert claims within the respective terms of each of these coverages. Even if they could be considered as having done so, the same exclusions discussed above with respect to the 2016 Policy would also apply as identical forms are found in the 2019 Policy.

## VI.
## COUNT I - DECLARATORY RELIEF AS TO THE DUTY TO DEFEND

21.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

22.    An actual controversy of a justiciable nature presently exists between Arch, MMA, and N.M. concerning the rights and obligations of the parties to the Policy with respect to the Underlying Litigation.

23.    Arch seeks a judicial determination that it has no duty to defend MMA in the Underlying Litigation for the reasons discussed above.

## VII.
## COUNT II - DECLARATORY RELIEF AS TO THE DUTY TO INDEMNIFY

26. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

27. An actual controversy of a justiciable nature presently exists between Arch, MMA, and N.M. concerning the rights and obligations of the parties to the Policy with respect to the Underlying Litigation.

28. Arch seeks a judicial determination that it has no duty to indemnify MMA in the Underlying Litigation for the reasons described above.

## VIII.
## PRAYER

WHEREFORE, Plaintiff Arch Insurance Company prays that the Court:

30. Issue a declaration that Arch has no duty to defend MMA under the 2016 or 2019 Arch Policies for any of the claims alleged in the Underlying Litigation;

31. Issue a declaration that Arch has no duty to indemnify MMA under the 2016 or 2019 Arch Policies for any of the damages sought against it in the Underlying Litigation; and

32. Award Arch all other relief to which it may be entitled, including, but not limited to its attorney fees, costs, and expenses.

Respectfully submitted,

By: */s/ James N. Isbell*
James N. Isbell
Texas State Bar No. 10431900
jisbell@thompsoncoe.com
Christopher H. Avery
Texas State Bar No. 24069321
cavery@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299

*Counsel for Plaintiff Arch Insurance Company*